J-S08019-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :--- |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER THOMAS TWIGGER | : | No. 823 WDA 2019 |

Appeal from the Order Entered April 24, 2019
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s): CP-65-CR-0003937-2018

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :--- |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER THOMAS TWIGGER | : | No. 824 WDA 2019 |

Appeal from the Order Entered April 24, 2019
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s): CP-65-CR-0003938-2018

BEFORE: OLSON, J., McCAFFERY, J., and MUSMANNO, J.

MEMORANDUM BY McCAFFERY, J.: FILED MARCH 30, 2020

The Commonwealth appeals from the orders of the Court of Common Pleas of Westmoreland County of April 24, 2019, dismissing all charges at both Common Pleas dockets against Christopher Thomas Twigger (Appellee). The Commonwealth asks this Court to reverse the dismissals. We affirm.

On July 20, 2018, in Latrobe, Pennsylvania, a resident called the City of Latrobe Police to report a seemingly-abandoned backpack on the sidewalk. The resident told police that she noticed the backpack at 9:00 that morning; it was still there when she called to make the report at approximately 2:30 that afternoon.

The police seized the backpack, which contained Appellee's identification, two prescription bottles with his name on them, marijuana, and heroin. A warrant was issued for Appellee's arrest. During execution of the warrant, officers allegedly found and seized drug paraphernalia at Appellee's apartment. Appellee was charged at trial docket CP-65-CR-0003938-2018 with possession of a controlled substance, possession with intent to deliver a controlled substance, and possession of drug paraphernalia,[1] for the contents found in the bookbag. He was separately charged at trial docket CP-65-CR-0003937-2018 with possession of drug paraphernalia, for the evidence seized from his apartment.

On December 14, 2018, Appellee filed an omnibus motion in both cases seeking dismissal of all charges. He argued the Commonwealth had insufficient evidence to establish his possession of the drugs found in the backpack and that the arrest warrant leading to the paraphernalia prosecution

_____

[1] 35 P.S. § 780-113(a)(16), (30), (31).

was unsupported by probable cause. On February 25, 2019, the trial court held a hearing on the motion.

On April 24, 2019, the trial court granted Appellee's motions and dismissed all charges. On May 24, the Commonwealth filed the present timely appeal.[2] On May 30, the trial court ordered a statement pursuant to Pa.R.A.P. 1925(b), which the Commonwealth timely filed on June 12.

On July 30, 2019, the trial court filed its opinion. In its opinion, the trial court noted the lack of evidence of either actual or constructive possession of the backpack and its contents by Appellee. The trial court found the lack of evidence as to possession of the backpack meant not only that the Commonwealth failed to establish a prima facie case as to its contents, but also that the police lacked reasonable suspicion that Appellee had committed a crime. The court thus further concluded that the arrest warrant was invalid and its fruit must be suppressed. Trial Ct. Op., 7/30/19, at 4.

The Commonwealth presents the following questions for our review:

> Whether the [Trial] Court erred as a matter of law by granting dismissal of the [apartment paraphernalia case] by only applying the legal standard for a prima facie case to the facts of the [backpack case,] not the distinct and lower standard of probable cause where there was probable cause to arrest [Appellee] and thus, the contraband was seized subject to a lawful search.

_____

[2] We note that the Commonwealth filed separate notices of appeal, per Commonwealth v. Walker, 185 A.3d 969 (Pa. 2018) (holding that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each of those cases"). The Commonwealth certified pursuant to Pa.R.A.P. 311(d) that the orders would substantially hinder and/or terminate its prosecutions.

Whether the [Trial] Court erred as a matter of law by finding the Commonwealth failed to establish a prima facie case [in the backpack case] when the Commonwealth established a prima facie case that . . . Appellee possessed the contraband located within the backpack given the totality of the case, including indicia of . . . Appellee's ownership of other items found within the backpack where the contraband that was the basis of the charges was also located.

Commonwealth's Brief at 1.

The Commonwealth argues that the trial court erroneously applied the legal standard for a prima facie case to both prosecutions, where the court should have evaluated the paraphernalia case under the lower standard of probable cause. The Commonwealth also argues that it did establish a prima facie case in the prosecution arising from the backpack and its contents, given the totality of the evidence and reasonable inferences therefrom.

"A pre-trial habeas corpus motion is the proper means for testing whether the Commonwealth has sufficient evidence to establish a prima facie case." Commonwealth v. Dantzler, 135 A.3d 1109, 1112 (Pa. Super. 2016) (citation omitted). This Court reviews whether a prima facie case was established by examining the evidence and reasonable inferences derived therefrom in a light most favorable to the Commonwealth. Commonwealth v. James, 863 A.2d 1179, 1182 (Pa. Super. 2004) (en banc). "[I]t is settled that the evidentiary sufficiency, or lack thereof, of the Commonwealth's prima facie case for a charged crime is a question of law as to which an appellate court's review is plenary." Commonwealth v. Karetny, 880 A.2d 505, 513

(Pa. 2005). "To demonstrate that a prima facie case exists, the Commonwealth must produce evidence of every material element of the charged offense(s) as well as the defendant's complicity therein." Dantzler, 135 A.3d at 1112.

Because the Commonwealth did not establish Appellee's actual possession of the backpack, the Commonwealth could only proceed under a constructive possession theory. "Where a defendant is not in actual possession of the prohibited items, the Commonwealth must establish that the defendant had constructive possession to support the conviction." Commonwealth v. Parrish, 191 A.3d 31, 36 (Pa. Super. 2018), appeal denied, 202 A.3d 42 (Pa. 2019). To do so, "the Commonwealth must establish facts from which the trier of fact can reasonably infer that the defendant exercised dominion and control over the contraband at issue." Id. at 37. "[K]nowledge of the existence and location of the contraband is a necessary prerequisite to proving the defendant's intent to control, and, thus, his constructive possession." Id.

This Court has defined constructive possession as follows:

Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as "conscious dominion." We subsequently defined "conscious dominion" as "the power to control the contraband and the intent to exercise that control." To aid application, we have held that constructive possession may be established by the totality of the circumstances.

Commonwealth v. Brown, 48 A.3d 426, 430 (Pa. Super. 2012) (quotation omitted).

"Probable cause to arrest exists when the facts and circumstances within the police officer's knowledge and of which the officer has reasonably trustworthy information are sufficient in themselves to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." In re C.C.J., 799 A.2d 116, 121 (Pa. Super. 2002), quoting Commonwealth v. Gwynn, 723 A.2d 143, 148 (Pa. 1998). "Probable cause justifying a warrantless arrest is determined by the 'totality of the circumstances.'" Id., quoting Commonwealth v. Myers, 728 A.2d 960, 962 (Pa. Super. 1999).

Here, the totality of the circumstances does not establish that anyone exercised conscious dominion over the backpack or its contents. See Parrish, 191 A.3d at 36; Brown, 48 A.3d at 430; Trial Ct. Op. at 4. At the time the police became aware of the backpack, it had already been unattended on the sidewalk for more than five hours, during which time anyone could have accessed it. Although the Commonwealth points out that Appellee's prescriptions, found in the backpack, were "filled within one or two days" of the call reporting the backpack, we agree with the trial court that this is insufficient to connect Appellee firmly with either the backpack itself or its illicit contents. See Commonwealth's Brief at 2.

The authority that the Commonwealth cites is distinguishable on the facts presented therein. See Commonwealth v. McCree, 924 A.2d 621 (Pa. 2007) (car stop; plain view exception requires a determination of whether police have a lawful right of access to the object seen in plain view); Commonwealth v. Dommel, 885 A.2d 998, 1002 (Pa. Super. 2005) (hit and run DUI, hot pursuit; where officer has probable cause and evidence of BAC will fade, exigent circumstances justified entry for warrantless arrest). The cases cited by the Commonwealth fail to support its stance that the contents of an abandoned bag, on their own, can establish constructive possession in this scenario. If the arrest warrant was lawful, then certainly McCree might support application of the plain-view exception, but the Commonwealth has cited no law establishing the lawfulness of the warrant.

Crucially, our test for probable cause requires not only facts sufficient to warrant a person of reasonable caution to believe a crime has been committed, but that the facts warrant belief that the suspect in question committed the crime. In re C.C.J., 799 A.2d at 121. Here, the police knew at the outset that the backpack had been abandoned for at least five hours. Any connection between Appellee and the illicit contents of the backpack was too attenuated to provide sufficient support for the arrest warrant. Because the contents of the abandoned backpack and the facts surrounding its apprehension do not provide probable cause for the arrest warrant, it is not possible that they could, without more, support a prima facie case for

possession of the illicit substances with which Appellee was charged.[3]  Thus, the trial court properly terminated both prosecutions.

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/30/2020

_____

[3] The Commonwealth emphasizes that courts must apply a lower standard when determining probable cause than when determining whether the Commonwealth has established a prima facie case.  Commonwealth's Brief at 7.  Because we find that the Commonwealth has not met that lower standard, we need not elaborate further.